### BEAUDRIAS *v.* CURTISS.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

NOTES PAYABLE ON DEMAND—CONDITION IMPOSED BY MAKER.

    Notes given on a purchase of the payee's interest in a business were payable on demand, but the maker stated, in a letter inclosing the notes, that they were to be payable when he procured a partner. He had, however, previously disposed of the business. *Held,* that the notes were payable according to their terms.

Appeal from city court of Yonkers.

Action by Isidore J. Beaudrias against Frank M. Curtiss upon promissory notes. Judgment for defendant. Plaintiff appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John F. Brennan,* for appellant. *Palmer & Boothby,* for respondent.

BARNARD, P. J. The exact interest which Bent, plaintiff's assignor, had in the business of the aluminum plating is not decisive, or even material. Assuming a partnership, Curtiss had sold the business to his mother before the notes in question, except the $100, were given. The notes were given

ostensibly to buy out Bent's share in the business; and, while the defendant inserted in the letter inclosing the notes that they were to be payable "as soon as I can get a partner who has sufficient means to place the business on a sound footing," the words were idle. The business had been sold before the letter was written, and by means of the letter and the notes a good title was made to the business in the defendant's mother. Defendant alone signed the bill of sale to her. It would be a very inequitable result if by this clause in the letter the defendant could get a title to the property which he had wrongfully sold, and pay Bent nothing. The judgment should be reversed, and a new trial granted, costs to abide event. All concur.